# Mayer *v.* Wilson, Appellant.

*Partnerships—Partnership by estoppel—Sharing of profits by employees—Manager of hotel business—Act of June 15, 1871, P. L. 389.*

1. In an action against two alleged partners, as proprietors of a hotel, for the price of liquors sold and delivered, where the defense of one of the defendants was that he was not a member but merely a manager receiving in addition to his salary a portion of the profits, the case is for the jury where it appears that prior to the time of the sale, an application for a license to sell liquors at the hotel set forth that the defendants were partners, and had beneath the signatures of both defendants to the application the words "trading as" followed by the company's name.

2. The Act of June 15, 1871, P. L. 389, entitled "An Act to Promote Industrial Partnerships" does not apply to the employees of those engaged in the sale of liquors and the management of hotels. The legislative intent was to confine the statute's provisions to the business of manufacturing, or other business employing labor, as the use of that word is generally understood, and to enable employers of such labor to give additional compensation to their employees without making those employees liable for the indebtedness of the business.

Argued Oct. 23, 1913. Appeal, No. 79, Oct. T., 1913, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1908, No. 938, on verdict for plaintiff in case of A. B. Mayer, M. B. Mayer, F. B. Mayer and L. B. Mayer, partners doing business as Mayer Sons & Company, v. B. C. Wilson and B. F. Shreffler, late partners doing business as B. C. Wilson & Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit for liquors sold and delivered. Before FRAZER, P. J.

From the record it appeared that defendant Wilson had become bankrupt and had been discharged before the commencement of the action, and as to him a voluntary nonsuit was taken. Defendant Shreffler denied that he was ever a co-partner of Wilson, and alleged that he was merely a manager of Wilson's hotel, under a written agreement, by which it was provided that he was to receive as salary a fixed sum, and in addition thereto, one-fifth of the profits of the business. It appeared that subsequent to the execution of the agreement, the business, which had been conducted previously under the name of "B. C. Wilson," was carried on under the name of "B. C. Wilson & Company." There was evidence that Shreffler had severed his connection with the business before the beginning of the period during which the liquors in question had been sold by plaintiffs. There was evidence that Shreffler had told one of plain-

tiffs that he was Wilson's partner before plaintiffs sold the liquors.

Other facts appear by the opinion of the Supreme Court.

The court left it to the jury to determine whether Shreffler had held himself out as a partner, either generally, or particularly as to plaintiffs, and at what time he severed his connection with the business. (1)

Verdict for plaintiffs for $3,877.29, and judgment thereon. Defendant Shreffler appealed.

*Errors assigned* were (1) above instructions to the jury, (2) the refusal of the court to direct a verdict for defendant.

*Levi Bird Duff,* with him *L. B. D. Reese,* for appellant.

*Joseph Stadtfeld,* for appellee.

PER CURIAM, November 7, 1913:

This action was for liquors sold to the firm of B. C. Wilson & Company. The defendants were sued as partners and proprietors of the Seventh Avenue Hotel in the City of Pittsburgh. The defense of Shreffler was that he had not been a member of the said firm, and that was the disputed question of fact for the jury. Under the evidence submitted to them, their finding that he was a partner was fully justified. A specimen of the proof showing this was the application for a license to sell liquors at the Seventh Avenue Hotel. It set forth on its face that Wilson & Shreffler were partners, and they both signed it. Beneath their signatures these words were added, "Trading as B. C. Wilson & Co." To escape from the clear proof of partnership in fact, counsel for appellant contends that he was not a partner in law, in view of a written agreement between him and Wilson as to participation in the profits. In support of this the Act of June 15, 1871, P. L. 389, is cited. That act is

entitled, "An act to promote industrial partnerships." It would be stretching the act beyond all bounds to hold that its provisions were intended to apply to the employees of those engaged in the sale of liquors and the management of hotels. The learned trial judge correctly so held in his opinion overruling a motion for a new trial and denying judgment for the defendant n. o. v. He there properly said: "In regard to the first element of defense, we are of opinion that the Act of 1871 does not apply to persons employed in and about the management of hotels. The title and also the body of the act seem to indicate that the legislative intention was to confine the statute's provisions to the business of manufacturing, or other business employing labor as we generally understand the use of that word, and enable employers of such labor to give additional compensation to their employees without making those employees liable for the indebtedness of the business."

Judgment affirmed.